IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| RONALD & SHEILA JUEDEN, ) | |
| ) | CASE NO. BK05-85285 |
| Debtor(s). ) | A06-8018 |
| FIRST NATIONAL BANK OF BELDEN, ) | |
| ) | |
| Plaintiff, ) | CH. 7 |
| ) | |
| vs. ) | |
| ) | |
| RONALD & SHEILA JUEDEN, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil. #10) and resistance by the debtor-defendants (Fil. #50). Wanda Howey-Fox represents the debtors, and Steve Woolley represents the plaintiff. The motion was taken under advisement as submitted without oral arguments.

The motion is denied.

The debtors, doing business as J&H Swine, Inc., were engaged in hog production. They fed isowean[1] piglets to market weight and sold the hogs. Operating funds were furnished by the plaintiff First National Bank of Belden ("the bank"), renewed on an annual or semi-annual basis. The debt was secured by a pledge of personal and corporate collateral. In 2003, the bank accelerated the note due to a payment default. In 2004, the bank obtained a default judgment against the debtors in state court.

The bank asserts that the parties' course of dealing was for the bank to deposit advances into the debtors' business checking account, and for the debtors to deposit proceeds from the sale of collateral into the same account. The bank alleges that the debtors converted certain collateral and proceeds of collateral by selling the collateral and depositing the funds into their personal bank account from 2001 to 2004, and that they transferred some of the bank's collateral to their son, without the bank's knowledge or permission. The bank believes that debtors' actions constitute a willful and malicious injury to the property of another, and the debt of $37,943.63 should therefore be excepted from discharge under 11 U.S.C. § 523(a)(6).

---

[1]Early weaned pigs, generally less than three weeks of age.

According to the bank's calculations, more than 80 percent of the monetary value of the alleged conversions occurred while the debtors were in financial distress and about to default on their note with the bank. The debtors used the money to pay living expenses and to repay loans from family members. The debtors sold some of the pigs, which were collateral of the bank, to their son in 1999, but no documents were prepared to memorialize the sale, the specific animals to be sold were left to the debtors' discretion, and the pigs remained in the debtors' possession. Over the years, when hogs were sold, the debtor identified some of them as being those purchased by the son, so checks were made out in the son's name. The debtors believe the arrangement was ratified by a bank officer when he became aware of it, because the debtors were not advised that the sale was not permitted or was inappropriate. The debtors' son tried to help them financially by paying some of their operating expenses himself and by renting equipment to them, and it appears the bank was aware of this at the time.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Morgan v. Rabun, 128 F.3d 694, 696 (8th Cir. 1997), cert. denied, 523 U.S. 1124 (1998); Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992); St. Paul Fire & Marine Ins. Co. v. FDIC, 968 F.2d 695, 699 (8th Cir. 1992).

In ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the party opposing the motion and give that party the benefit of all reasonable inferences to be drawn from the record. Widoe v. District No. 111 Otoe County Sch., 147 F.3d 726, 728 (8th Cir. 1998); Ghane v. West, 148 F.3d 979, 981 (8th Cir. 1998). A summary judgment motion should be interpreted by the court to dispose of factually unsupported claims and defenses. Tiffey v. Speck Enter., Ltd., 418 F. Supp. 2d 1120, 1123 (S.D. Iowa 2006).

To except a debt from discharge under 11 U.S.C. § 523(a)(6), a plaintiff must establish by a preponderance of the evidence that the debt arises from an injury that is both willful and malicious. In this context, the term "willful" means that the injury, not merely the act leading to the injury, must be deliberate or intentional. Jamrose v. D'Amato (In re D'Amato), 341 B.R. 1, 4-5 (B.A.P. 8th Cir. 2006) (citing Kawaauhau v. Geiger, 523 U.S. 57, 61-62 (1998)). A "malicious" injury is one that is targeted at the creditor, in the sense that the conduct is certain or almost certain to cause financial harm. D'Amato at 4-5. "It is the intent to cause *harm* which must exist for an injury to be malicious." Osborne v. Stage (In re Stage), 321 B.R. 486, 493 (B.A.P. 8th Cir. 2005). The mere violation of legal rights is insufficient to establish malice "absent some additional aggravated circumstances." Id. (citing Barclays American Bus. Credit, Inc. v. Long (In re Long), 774 F.2d 875, 881 (8th Cir. 1985)).

The evidence submitted on the motion demonstrates that material factual issues exist. To prevail on its complaint, the bank must establish the elements of willfulness and maliciousness in the debtors' actions. The debtors' intent is a relevant factor, which is difficult to prove on summary

judgment. "A determination of the parties' intent is a question of fact." First Nat'l Bank of Fayetteville, Ark. v. Phillips (In re Phillips), 882 F.2d 302, 305 (8th Cir. 1989) (citing Drovers Bank v. National Bank & Trust Co., 829 F.2d 20, 22 (8th Cir. 1987)). In Phillips, the debtor, who was an office, shareholder, and guarantor of a corporate borrower, allowed the borrower to deposit and use funds from a check which should have been made jointly payable to the borrower and the bank, and did not notify or immediately repay the bank. When the bank filed a nondischargeability action under § 523(a)(6), the Eighth Circuit agreed that the debtor acted willfully by keeping the money, but ruled that malice did not exist because there was no evidence the debtor intended to harm the bank's economic interest; he was simply trying to keep the company viable to generate sufficient revenues to repay the bank.

Because the matters at issue here are not appropriate for summary judgment, the motion will be denied.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. #10) is denied.

DATED:      June 27, 2006

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    Wanda Howey-Fox
    *Steve Woolley
    U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.